**In re R & R PERSONNEL SPECIALISTS OF TYLER, INC., Relator.**

No. 12–04–00162–CV.

Court of Appeals of Texas,
Tyler.

Aug. 18, 2004.

Darryl J. Silvera, Silvera Firm, Kent D. Williamson, McCauley, Macdonald & Devin, P.C., Dallas, for relator.

Alvin G. Khoury, Longview, for respondent.

Jeffrey D. Shelton, Sloan Monsour, P.C., Longview, for real party in interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

R & R Personnel Specialists of Tyler, Inc. ("R & R") brings this petition for writ of mandamus complaining of an order denying its motion to compel arbitration. We conditionally grant the writ.

### BACKGROUND

Real party in interest Travis Grisby was employed by R & R in Gregg County, Texas and was assigned to work as a driver for A–SAF–T–BOX. Grisby notified R & R that while working on July 23, 2001, he sustained a lower-back injury. On that date, R & R was a nonsubscriber under the Texas Workers' Compensation Act. However, R & R had in force an Employee Injury Benefit Plan (the "Plan") established under the Employee Retirement Income Security Act of 1974 (ERISA), as amended. *See* 29 U.S.C.A. §§ 1001–1461 (West 1999 & Supp.2004).

To participate in the Plan, an R & R employee was required to execute and agree to the terms of a Waiver and Arbitration Agreement (the "Waiver") in the form attached to the document describing the Plan procedures and benefits (the

"Plan Document"). By doing so, the employee irrevocably and unconditionally waived and released all rights to recovery against R & R and all employers for personal injuries, damages, or death sustained by the employee arising out of the negligence, negligence per se, or gross negligence of R & R or an employer. The payment of Plan benefits, if any, constituted complete satisfaction for all such claims or damages.

The Plan Document also stated that by executing and agreeing to the terms of the Waiver, an employee affirmatively agreed to submit to binding arbitration all claims or disputes covered by the Waiver. The result of the binding arbitration was the exclusive remedy for resolving any such claim or dispute. The Plan Document further provided that the Federal Arbitration Act (the "FAA") governed interpretation, enforcement, and all judicial proceedings relating to the Waiver and the arbitration procedures described in the Plan Document. The Waiver included similar provisions relating to the waiver of rights, the claims subject to arbitration, and binding arbitration as an exclusive remedy. The Waiver also incorporated by reference the arbitration procedures described in the Plan Document. Grisby signed the Waiver.

After his injury, Grisby sought and received benefits under the Plan, including income benefits and medical benefits. Grisby then sued to recover additional monies as compensatory damages for his injury. R & R filed a motion to compel arbitration, which was argued on January 30, 2004. The trial court denied the motion after hearing and confirmed its ruling by written order dated January 30, 2004. R & R sought mandamus as well as emergency relief. We stayed the trial court proceedings pending our disposition of the mandamus petition.

### AVAILABILITY OF MANDAMUS

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex.2000) (orig.proceeding). The arbitration agreement in this case is governed by the FAA. Texas law does not permit an interlocutory appeal of an order denying arbitration under the FAA. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). Therefore, mandamus is the appropriate method of enforcement. *Id.* Consequently, our only question is whether the trial court abused its discretion in denying R & R's motion to compel arbitration.

A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 840. Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

### ABUSE OF DISCRETION

The party seeking to compel arbitration by mandamus must first establish the existence of an arbitration agreement subject to the FAA and show that its claims are within the scope of that agreement. *In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549 (Tex.2002) (per curiam) (orig.proceeding). Because federal policy favors arbitration, a presumption exists favoring agreements to arbitrate under the FAA. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex.2001) (orig.proceeding). Therefore, courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration.

*Id.* Once the party seeking to compel arbitration makes the required showing, the trial court has no discretion but to compel arbitration and stay its own proceedings unless the party opposing arbitration establishes a defense to enforcing the arbitration agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999); *Cantella & Co., Inc. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996).

Here, R & R filed a motion to compel arbitration and submitted an authenticated copy of the Plan Document and the Waiver. The Waiver describes the claims subject to arbitration, which include "all claims and disputes that [Grisby] may now have or may in the future have against [R & R]...." Following this general language, the Waiver includes a list of claims that are subject to arbitration. Claims for wages or other compensation and tort claims (including, but not limited to, claims for bodily injury or physical, mental or psychological injury, without regard to whether such injury was sustained in the course and scope of employment) are included in the list. This language encompasses the claims asserted by Grisby in the underlying proceeding. Thus, R & R met its burden of presenting evidence of an arbitration agreement that governs the dispute between the parties. *See In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 367 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding). Consequently, the burden shifted to Grisby to show that the arbitration agreement was unenforceable. *See Oakwood,* 987 S.W.2d at 573; *Cantella,* 924 S.W.2d at 944.

In response, Grisby contended that the Waiver violates the nonwaiver provision of the Texas Labor Code as well as Texas public policy and is therefore void. He also argued that R & R failed to comply with certain prerequisites to arbitration as set forth in the Agreement, thereby waiv-

ing arbitration. The trial court denied R & R's motion to compel arbitration.

Grisby makes the same arguments here and concludes that the trial court did not abuse its discretion in denying R & R's motion. The trial court did not specify the grounds for its ruling. Because an order denying arbitration must be upheld if it is proper on any basis considered by the trial court, we address each of Grisby's defenses. *See H.E. Butt,* 17 S.W.3d at 367.

### Violations of Texas Labor Code and Public Policy

 The FAA provides that a written arbitration agreement, such as the Waiver in the case at hand, is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C.A. § 2 (West 1999). This section is a congressional declaration of a liberal federal policy favoring arbitration, notwithstanding any state substantive or procedural policies to the contrary. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the FAA. *Id.* Under the supremacy clause of the United States Constitution, U.S. CONST. art. IV, cl. 2, the FAA "takes precedence over state attempts, legislative or judicial, to undercut the enforceability of arbitration agreements." *In re Turner Bros. Trucking Co.*, 8 S.W.3d 370, 374 (Tex.App.-Texarkana 1999, orig. proceeding [mand. denied]); *accord Perry v. Thomas,* 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 2527 n. 9, 96 L.Ed.2d 426 (1987); *Tipps,* 842 S.W.2d at 271. Consequently, the FAA preempts state statutes to the extent they are inconsistent with that Act. *Id.* Section 406.033(e) of the Texas Labor

Code provides that any agreement by an employee to waive a cause of action or any right described in subsection (a) before the employee's injury or death is void and unenforceable. Tex. Lab.Code Ann. § 406.033(e) (Vernon Supp.2004). (the "nonwaiver provision"). Subsection (a) includes a cause of action to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment. Tex. Lab.Code Ann. § 406.033(a) (Vernon Supp.2004).

Grisby points out that the Waiver requires him to waive his right to trial by jury. He also argues that the Waiver further restricts the rights guaranteed to employees of nonsubscribers because the Waiver does not limit the defenses that can be raised by a non-subscribing employer.[1] *See* Tex. Lab.Code Ann. § 406.033(a), (e). Therefore, he concludes that the nonwaiver provision renders the Waiver void and unenforceable.

We conclude that the FAA preempts the application of the nonwaiver provision to prevent or restrict enforcement of the arbitration provisions at issue here. *See Tipps,* 842 S.W.2d at 271 (citing *Commerce Park v. Mardian Constr. Co.,* 729 F.2d 334, 338 (5th Cir.1984)) (similar nonwaiver provision in Texas Deceptive Trade Practices Act preempted by FAA). Therefore, Grisby's state law arguments are not relevant to the issue before us. We reach the same conclusion regarding Grisby's argument that enforcement of the Waiver violates the public policy underlying the Texas workers' compensation statutes. *See Strawn v. AFC Enters., Inc.,* 70 F.Supp.2d 717, 722 (S.D.Tex.1999), *vacat-*

ed, 240 F.3d 1074 (5th Cir.2000) (opinion not designated for publication) (district court held that arbitration agreement was void as contrary to Texas public policy underlying Texas workers' compensation system); *In re David's Supermarkets, Inc.,* 43 S.W.3d 94, 99–100 (Tex.App.-Waco 2001, orig. proceeding) (holding any public policy expressed by the Texas Legislature in enacting workers' compensation statutes irrelevant in light of FAA mandate). Therefore, the trial court could not have reasonably concluded that R & R failed to show it was entitled to compel arbitration or that Grisby had established a defense to arbitration.

### *Compliance with Notice and Mediation Provisions*

The Supreme Court has recently addressed the inquiry for determining the "question of arbitrability," i.e., whether the parties have agreed to resolve a particular dispute by arbitration. *See Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 85, 123 S.Ct. 588, 591–93, 154 L.Ed.2d 491 (2002). In its discussion, the Court recognized that the inquiry consists of two prongs: issues of procedural arbitrability and issues of substantive arbitrability. *Id.,* 537 U.S. at 83–85, 123 S.Ct. at 591–93. Procedural arbitrability encompasses those questions that "grow out of the dispute and bear on its final disposition." *Id.,* 537 U.S. at 85, 123 S.Ct. at 593 (citing *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964)). Questions of procedural arbitrability relate to whether procedures have been followed or excused and

---

1. The Waiver permits the arbitrator to "apply the substantive law (and the law of remedies, if applicable), in the state in which the claim arose, or federal law, or both, depending upon the claims asserted." Grisby contends that this provision potentially nullifies the portion of subsection (a) that prohibits non-

subscribing employers from asserting that "(1) the employee was guilty of contributory negligence; (2) the employee assumed the risk of injury or death; or (3) the injury or death was caused by the negligence of a fellow employee." *See* Tex. Lab.Code Ann. § 406.033(a).

whether an unexcused failure to follow such procedures allows a party the enforce the duty to arbitrate. *Livingston,* 376 U.S. at 557, 84 S.Ct. at 918. Such questions encompass determinations whether conditions precedent to arbitration, such as notice and time limits, have been met and are for the arbitrator to decide. *Howsam,* 537 U.S. at 84, 123 S.Ct. at 592. Substantive arbitrability relates to "gateway" issues such as whether a particular arbitration agreement binds the parties to arbitrate a given dispute. *Id.* These questions are reserved for judicial determination. *Id.*

█ In the instant case, Grisby contends that R & R has failed to comply with the express provisions of the Waiver by not giving written notice of its intention to seek arbitration and not complying with the deadlines regarding notice of claim, and not participating in mediation before seeking arbitration. Therefore, Grisby's argument continues, R & R has waived its right to enforce the arbitration provisions included in the Waiver. These arguments relate to procedural arbitrability and are therefore questions for the arbitrator to decide. *See id.* Consequently, the trial court's order could not be based on its resolution of those issues.

### CONCLUSION

The FAA preempts the nonwaiver provision of Texas Labor Code section 406.033 and any public policy underlying the Texas workers' compensation statutes that is contrary to the enforceability of arbitration agreements. Whether R & R has satisfied the prerequisites to arbitration and the effect of any failure to do so are questions for the arbitrator to decide. Therefore, the trial court should have granted R & R's motion to compel arbitration and abused its discretion by denying the motion. Accordingly, we lift our stay of the proceedings and conditionally grant mandamus relief. We trust that within fifteen days from the date of this opinion and corresponding order, the trial court will vacate its January 30, 2004 order and enter an order compelling arbitration. The writ will issue only if it fails to do so.