

# NUMBER 13-07-00748-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE: FROST NATIONAL BANK

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion[1] by Justice Yañez

Relator, Frost National Bank ("Frost"), brings this petition for writ of mandamus contesting the trial court's denial of its motion to compel arbitration. We conditionally grant the petition for writ of mandamus as stated herein.

## I. Background

Real parties in interest, Goldbloom Development, Ltd., and Carlos Almaguer, M.D., planned to construct an office building in Hidalgo County for Dr. Almaguer's use in his medical practice. They obtained a construction loan from Frost. In conjunction with the

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

loan, they executed an arbitration agreement which provided, in part, as follows:

> Upon written request of either Lender or Borrower, any controversy or claim between or among the parties hereto including but not limited to those arising out of or relating to the Loan, any of the loan documents or any related agreements or instruments executed in connection with the Loan (the "Loan Documents"), including any claim based on or arising from an alleged tort, shall be determined by binding arbitration in accordance with the Federal Arbitration Act . . . . Any party to this Agreement may bring an action, including a summary or expedited proceeding, to compel arbitration of any controversy or claim to which this agreement applies in any court having jurisdiction over such action . . . .

Real parties retained an architect and contractor and commenced construction. Disputes arose regarding the construction project, and ultimately, real parties brought suit against their contractor, architect, and subcontractors. This dispute was ultimately ordered to arbitration.

While the dispute was ongoing, real parties made monthly payments to Frost pursuant to their loan agreement. They also renewed their arbitration agreement with Frost. Nevertheless, they ultimately brought suit against Frost for negligent misrepresentation, breach of fiduciary duty, and fraud relating to the construction project at issue herein.

## II. Standard of Review

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex. 2005). The relator has the burden to establish that the trial court abused its discretion. *See id.* If a trial court erroneously denies a party's motion to compel arbitration under the Federal Arbitration Act ("FAA"), the movant has no adequate remedy at law and is entitled to a writ of mandamus.

2

*In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005); *Service Corp. Int'l v. Lopez (In re Serv Corp.)*, 162 S.W.3d 801, 808 (Tex. App.–Corpus Christi 2005, no pet.) (consolidated appeal and original proceeding).

### III. Validity and Scope of the Arbitration Agreement

A party seeking to compel arbitration by a writ of mandamus must establish the existence of a valid agreement to arbitrate under the FAA and show that the claims in dispute are within the scope of the agreement. *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (per curiam); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). In determining the validity of agreements to arbitrate which are subject to the FAA, we generally apply state-law principles governing the formation of contracts. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2006) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Whether a valid arbitration agreement exists is a legal question subject to de novo review. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding). If the trial court finds there is a valid agreement to arbitrate, the burden shifts to the party opposing arbitration to prove his defenses. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).

Once a valid agreement to arbitrate has been established, the court must then determine whether the nonmovants' claims fall within the scope of the arbitration clause. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001). To determine whether an existing arbitration agreement covers a party's claims, a court must "focus on the complaint's factual allegations rather than the legal causes of action asserted." *Id.* at 754. Federal policy embodied in the FAA favors agreements to arbitrate, and courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration. *Id.* at 753. If the arbitration agreement encompasses the claims and the party opposing

3

arbitration has failed to prove its defenses, the trial court has no discretion but to compel arbitration and stay its own proceedings. *Id*. at 753-54; *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 866-67 (Tex. App.–Houston [14th Dist.] 2006, no pet.); *Feldman/Matz Interests, L.L.P. v. Settlement Capital Corp.*, 140 S.W.3d 879, 883 (Tex. App.–Houston [14th Dist.] 2004, no pet.).

Real parties in interest do not deny the existence of the arbitration agreements at issue herein. We conclude that Frost has established a valid agreement to arbitrate with the real parties in interest. We also conclude that the real parties' claims against Frost fall squarely within the broad, "catch-all" scope of the arbitration provision, which applies to "any controversy or claim between or among the parties," including but not limited to those arising out of or relating to the loan, any of the loan documents or related agreements or instruments executed in connection with the loan, and any claim based on or arising from an alleged tort." *See D. Wilson Constr. Co..*, 196 S.W.3d at 783.

Because an order denying arbitration must be upheld if it is proper on any basis considered by the trial court, we will next consider real parties' alleged defenses to the agreement. *See In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 367 (Tex. App.–Houston [14th Dist.] 2000, orig. proceeding); *City of Alamo v. Garcia*, 878 S.W.2d 664, 665 (Tex. App.–Corpus Christi 1994, no writ).

## IV. Defenses

Real parties in interest contend that the trial court did not err in refusing to compel arbitration because the agreement to arbitrate was not enforceable. Specifically, real parties argue that Frost waived the right to arbitrate because it failed to commence arbitration within sixty days of filing its motion to compel arbitration. The arbitration agreement at issue provides that:

4

> All arbitration hearings will be commenced within sixty (60) days of the written request for arbitration, and if the arbitration hearing is not commenced within sixty (60) days, the party that requested arbitration shall have waived its election to arbitrate.

Issues related to the meeting of conditions precedent to arbitration, including time limits, notice, and laches, are matters pertaining to procedural arbitrability. *See In re Pisces Foods, L.L.C.*, 228 S.W.3d 349, 352 (Tex. App.–Austin 2007, orig. proceeding); *In re R & R Pers. Specialists of Tyler, Inc.*, 146 S.W.3d 699, 704 (Tex. App.–Tyler 2004, orig. proceeding); *In re Neutral Posture, Inc.*, 135 S.W.3d 725, 728 (Tex. App.–Houston [1st Dist.] 2003, orig. proceeding); *see also Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84-86 (2002). Matters of procedural arbitrability are to be determined at arbitration. *W. Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.*, 237 S.W.3d 745, 754 (Tex. App.–Houston [1st Dist.] 2007, orig. proceeding & no pet.); *Pisces*, 228 S.W.3d at 352; *R & R Pers. Specialists*, 146 S.W.3d at 704.

In this case, real parties contend that Frost failed to timely institute a demand for arbitration and thus waived its right to do so. This argument fails because, as discussed above, whether the condition precedent has been satisfied is not a question for the court to decide; it is a question for the arbitrator. *See Pisces*, 228 S.W.3d at 352.

Real parties further argue that Frost waived its right to arbitration because it included a venue provision in the arbitration agreement and moved to transfer venue pursuant to that provision:

> Borrowers agree, the mere **filing** of a Motion to Transfer Venue does not waive arbitration. But the issue in this case is not whether the **filing** of a Motion to Transfer Venue waives arbitration. But, 1.) the filing for change of and 2.) the intentional waiver of venue are two distinct issues and therefore all of the Realtor's [sic] authorities are distinguishable from the cases brought before this court.

(Emphasis in the original). We disagree. A motion to transfer venue, without more, does

5

not waive a motion to compel arbitration. *See Granite Constr. Co. v. Beaty*, 130 S.W.3d 362, 367 (Tex. App.–Beaumont 2004, no pet.); *see also L & L Kempwood I v. Omega Builders, Inc.*, No. 13-99-00522-CV, 2000 Tex. App. LEXIS 476, at *5-6 (Tex. App.–Corpus Christi Jan. 20, 2000, orig. proceeding) (not designated for publication) ("A defendant who concludes that a case has been filed in an improper venue should be entitled to request transfer to a proper venue and ask for arbitration from the court in the proper venue, without waiving the right to arbitration in the process.").

Finally, real parties contend that Frost waived its right to compel arbitration because it requested a continuance of real parties' application for a temporary restraining order; agreed to an extension of the temporary restraining order; defended real parties' request for a temporary injunction; filed an "untimely" motion to transfer venue; filed a motion to quash a deposition; responded to requests for disclosure; and filed a motion to dismiss based on a forum selection clause in the contract.

A party waives the right to arbitrate by substantially invoking the judicial process to the other party's detriment or prejudice. *In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (orig. proceeding). Waiver is a legal question for the court based on the totality of the circumstances, and asks whether a party has substantially invoked the judicial process to an opponent's detriment, the latter term meaning inherent unfairness caused by "a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *See id.* (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008)). Waiver must be decided on a case-by-case basis, and courts should look to the totality of the circumstances involved. We consider factors such as when the movant knew of the arbitration clause, how much discovery has been conducted, who initiated it, whether it related to the merits rather than arbitrability or standing, how much

6

of it would be useful in arbitration, and whether the movant sought judgment on the merits. *Perry Homes*, 258 S.W.3d at 592.

In the instant case, real parties brought suit against Frost on July 13, 2007 and obtained a temporary restraining order. Before answering the lawsuit, Frost agreed to extend the temporary restraining order in exchange for a continuance on real parties' motion for a temporary injunction. On August 1, Frost then answered the suit with a motion to dismiss based on a forum selection clause. Less than one week later, Frost amended its motion to alternatively seek a venue transfer, and further filed its motion to compel arbitration. We resolve any doubts that we have regarding waiver in favor of arbitration. *Nw. Constr. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 847 (Tex. App.–Fort Worth 2008, pet. denied). Considering the above in addition to the totality of the circumstances, we disagree that Frost waived its right to compel arbitration because it has not substantially invoked the judicial process. Moreover, real parties have failed to allege and prove that they have been prejudiced by Frost's actions. *Fleetwood Homes of Tex., L.P.*, 257 S.W.3d at 694. Accordingly, we conclude that the record does not provide the trial court with discretion to find Frost waived its right to arbitration.

In their response to the petition for writ of mandamus, real parties also contend that the arbitration clause was unconscionable. Real parties argue that they were put in a dire financial situation by the lender, then offered a "bailout" consisting of a six-month moratorium of interest-only payments "which amounted to a Band-Aid on a mortal wound." First, real parties' argument ignores the fact that they signed an arbitration agreement at the inception of the project, prior to the time that construction problems arose and litigation ensued. Second, this argument was not presented to the trial court and is thus waived herein. *See Bielamowicz v. Cedar Hill Indep. Sch. Dist.*, 136 S.W.3d 718, 721 (Tex.

7

App.–Dallas 2004, pet. denied) (stating that arguments not made to the trial court are waived).

In their response to the petition for writ of mandamus, real parties also reference "several other defenses including prejudice to the enforcement of the arbitration agreement itself." These defenses were not presented to the trial court and are not further discussed or supported with argument and authority herein, and accordingly, we need not address them. *See* TEX. R. APP. P. 33.1, 52.3, 52.4.

## V.  Conclusion

The trial court abused its discretion in refusing to compel the underlying proceeding to arbitration. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to compel arbitration in this matter. We are confident that the trial court will comply and our writ will issue only if it does not.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this 7th day of November, 2008.

8