# United States Court of Appeals

## For the First Circuit

No. 02-1955

HIM PORTLAND, LLC,

Plaintiff, Appellant,

v.

DEVITO BUILDERS, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Torruella, Circuit Judge,

Cyr and Stahl, Senior Circuit Judges.

Philip P. Mancini, with whom Paul M. Koziell and Drummond &
Drummond, LLP were on brief, for appellant.
Louis B. Butterfield, with whom Olafsen & Butterfield was on
brief, for appellee.

January 17, 2003

**TORRUELLA**, **Circuit Judge**. This case requires us to decide whether a party to an arbitration agreement that is subject to conditions precedent can, without satisfying those conditions, compel arbitration under the Federal Arbitration Act. ("FAA"). HIM Portland ("HIM") moved the district court, pursuant to an arbitration agreement, to compel DeVito Builders ("DeVito") to arbitrate a contract dispute between them. DeVito contends that their agreement provided that a request for mediation was a condition precedent to arbitration. Because the parties intentionally conditioned arbitration upon either party's request for mediation, we conclude that HIM Portland's failure to request mediation precludes it from compelling arbitration under the FAA. Therefore we affirm the district court's Order denying HIM's motion to compel arbitration and stay matters pending the completion of arbitration.

## I. Background

HIM contracted with DeVito for the renovation of a Suisse Chalet motel in Portland, Maine. On April 3, 2002, HIM filed a complaint against DeVito in the District Court for the District of Maine seeking to recover damages under claims for breach of contract, slander of title and fraudulent misrepresentation. After DeVito filed its answer to HIM's complaint, HIM moved to compel arbitration and stay the proceedings in the district court until the completion of arbitration, asserting that the contract

-2-

contained an arbitration clause that required the parties to arbitrate the dispute. The contract provides, in pertinent part:

> 9.10.1 <u>Claims, disputes and other matters in question arising out of or relating to this Contract</u>, including those alleging an error or omission by the Architect but excluding those arising under Paragraph 15.2 [Hazardous Materials], shall be referred initially to the Architect for decision. Such matters, except those relating to aesthetic effect and except those waived as provided for in Paragraph 9.11 [Consequential Damages] and Subparagraphs 14.5.3 and 14.5.4 [making or acceptance of final payment constitutes waiver], <u>shall</u>, after initial decision by the Architect, or 30 days after submission of the matter to the Architect, <u>be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party</u>.

> 9.10.3 <u>The parties shall endeavor to resolve their disputes by mediation</u> which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect . . . . <u>The request may be made concurrently with the filing of a demand for arbitration, but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings</u>, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

> 9.10.4 <u>Claims, disputes and other matters in question arising out of or relating to the Contract that are not resolved by mediation</u>, except matters relating to aesthetic effect and except those waived as provided for in Paragraph 9.11 and Subparagraphs 14.5.3 and 14.5.4, <u>shall be</u>

-3-

decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect . . . . The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. (Emphasis added).

On July 26, 2002, the district court issued a Memorandum and Order denying HIM's motion to compel arbitration and to stay proceedings until the completion of arbitration. The court reasoned that the plain language of the contract manifested the parties' clear intent to require mediation as a condition precedent to arbitration. Accordingly, the court found that HIM's failure to request mediation precluded enforcement of the contract's arbitration clause. This timely appeal followed.

## II. Discussion

Congress enacted the FAA in 1925 to place arbitration agreements "upon the same footing as other contracts" and to render them "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." EEOC v. Waffle House, Inc., 534 U.S. 279, 288-89 (2002). To facilitate arbitration agreements, the FAA provides that when a federal court reviews an issue that is subject to an arbitration agreement the court shall, on the motion of one of the parties, stay its proceedings until "arbitration has been had in accordance with the terms of the agreement." 9 U.S.C.A. § 3. The Supreme

-4-

Court has held that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitrations." Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).

Nevertheless, arbitration is a matter of contract law and consequently "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T Techs., Inc. v. Communications Workers of America., 475 U.S. 643, 648 (1986). The Court specified that "the FAA's proarbitration policy does not operate without regard to the wishes of the contracting parties." Mastrobuono v. Shearson Lehman Hutton, 514 U.S. 52, 57 (1995). Indeed, were a court to employ the FAA to frustrate the clear intentions of parties that had contracted to arbitrate under privately negotiated rules and procedures, the "result would be quite inimical to the FAA's primary purpose of ensuring that private agreements to arbitrate are enforced according to their terms." Id.

When presented with a question of contract interpretation, our "task is to ascertain the intentions of the parties, consistent with state law principles and with due regard for the federal policy favoring arbitration." De Mercurio v. Sphere Drake Ins. PLC, 202 F.3d 71, 74 (1st Cir. 2000). The district court's legal conclusion -- that the duty to arbitrate was conditioned by the plain language of the agreement -- is subject to

de novo review.  <u>Campos-Orrego</u> v. <u>Rivera</u>, 175 F.3d 89, 96 (1st Cir. 1999).

The sole issue on appeal is whether the district court erred in denying HIM's motion to compel arbitration and to stay proceedings until the completion of arbitration.  HIM claims that because the contract requires arbitration but not mediation, the court should have compelled arbitration in order to resolve the parties' contractual dispute in favor of the "liberal federal policy favoring arbitration provisions." <u>Moses H. Cone</u>, 460 U.S. at 24.

To reach this conclusion, HIM selectively concentrates on language in the contract that, taken out of context, might "merely make[] mediation a suggested, [but] not a required precursor to arbitration."  For instance, the contract states that the parties "shall endeavor" to resolve their disputes by mediation.  Whether or not this language is, as HIM contends, merely "precatory" and was inserted merely to urge the parties to make an "earnest attempt" to resolve their differences through mediation is irrelevant; other provisions of the contract state in the plainest possible language that mediation is a condition precedent to arbitration.  Section 9.10.1 bears repeating because of its remarkable clarity: "Claims, disputes and other matters in question arising out of or relating to this Contract . . . shall . . . be subject to mediation as a condition precedent to arbitration or the

institution of legal or equitable proceedings by either party." It is difficult to imagine language which more plainly states that the parties intended to establish mediation as a condition precedent to arbitration proceedings.[1]

Under the plain language of the contract, the arbitration provision of the agreement is not triggered until one of the parties requests mediation. See Kemiron Atl., Inc. v. Aguakem Int'l Inc., 290 F.3d 1287, 1291 (11th Cir. 2002). In Kemiron, the Eleventh Circuit faced a similar issue and held: "the parties agreed to conditions precedent before arbitration can take place and, by placing those conditions in the contract, the parties clearly intended to make arbitration a dispute resolution mechanism of last resort." Id. at 1291. Further, "[b]ecause neither party requested mediation, the arbitration provision has not been activated and the FAA does not apply." Id. Congress did not enact the FAA to "operate without regard to the wishes of the contracting parties" Mastrobuono, 514 U.S. at 57. Where contracting parties condition an arbitration agreement upon the satisfaction of some condition precedent, the failure to satisfy the specified condition will preclude the parties from compelling arbitration and staying

---

[1] The district court noted that Section 9.10.1 appears to contemplate mediation as a condition precedent to both arbitration and litigation. As the parties have only asked us to determine whether this Section establishes mediation as a condition precedent to arbitration, we do not reach the broader, more difficult question of whether the Section also establishes a valid condition precedent to the bringing of suit.

-7-

proceedings under the FAA.  Because neither HIM nor DeVito ever attempted to mediate this dispute, neither party can be compelled to submit to arbitration.

### III.  Conclusion

Here, there is no doubt that the parties intended that the duty to arbitrate would not ripen until after the condition precedent of mediation had been satisfied.  The district court's judgment is **affirmed**.