# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00274-CV

### In re Pisces Foods, L.L.C. d/b/a Wendy's Restaurants and/or d/b/a Wendy's Old Fashioned Hamburgers Restaurant Number 17

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O P I N I O N

Relator Pisces Foods, L.L.C., d/b/a Wendy's Restaurants and/or Wendy's Old Fashioned Hamburgers Restaurant Number 17, seeks a writ of mandamus ordering the trial court to compel arbitration of a personal injury claim brought by a former employee. We find no abuse of discretion in the denial of the motion to compel and deny the petition.

Carmen Jimenez worked at relator's restaurant. She alleges that she was injured when a drawer at the restaurant fell on her while she was working. She sued relator on theories of negligence and premises liability. Relator filed a motion to abate and refer the case to arbitration. At the hearing on the motion, the trial court excluded evidence of the arbitration agreement[1] and declined to either abate the case or refer it to arbitration. Relator then filed this petition for writ of mandamus.

---

[1] Relator contends that the court abused its discretion by excluding Pisces Vice President of Operations Phil Stanton's affidavit and its attachments that set out the terms of the dispute resolution program. For purposes of this opinion, we will consider the affidavit and its attachments as if they were admitted.

We review the refusal to compel arbitration under the Federal Arbitration Act by writ of mandamus using an abuse of discretion standard. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272-73 (Tex.1992). A trial court abuses its discretion if it erroneously applies the law to the facts, or if it errs in determining the law. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 703 (Tex. 1998) (orig. proceeding).

A party seeking arbitration must establish its right to arbitration under a contract. *Weekley Homes, Inc. v. Jennings*, 936 S.W.2d 16, 18 (Tex. App.—San Antonio 1996, writ denied) (*Weekley* I). Under the Federal Arbitration Act, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C.A. § 4 (1999); *see Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (once party seeking to compel arbitration establishes that agreement exists under the FAA and that claims are within agreement's scope, trial court must compel arbitration and stay its proceedings).

Relator has a dispute resolution program that seeks to resolve employee complaints and avoid litigation of such complaints.[2] The Speak Out Program Highlights pamphlet attached to Phil Stanton's affidavit outlines a four-step program. The steps are: (1) talking about problems one-on-one with a store manager, (2) formal review by the corporate human resources department, (3) mediation, and (4) final and binding arbitration. The Highlights pamphlet expressly states, "Each Step must be followed in sequence so that we have every opportunity to work together toward an

---

[2] Jimenez contends that she did not agree to be bound by the program and that forcing her participation would be unconscionable. We need not reach these assertions.

agreeable resolution of the issue." The sequential nature of the program is emphasized in the arbitration paragraph, which begins as follows: "If you have a work-related problem that involves a legally protected right that could not be settled through Steps 1, 2 or 3 of the Program, you may request arbitration." The Highlights pamphlet also states that the program is "a mandatory condition of your employment, which you accept and agree to by becoming employed or continuing your employment with the Company at any time on or after March 1, 2002. The Company is also mutually bound to use this program for any covered claim."

Even if we consider the excluded affidavit and assume without deciding that Jimenez agreed to the program and that her claims are within the agreement, relator has not shown itself entitled to arbitration. According to relator's own literature, mediation must occur and fail before arbitration is an option under the company's mandatory program. Relator concedes that no mediation occurred. Accordingly, relator failed to prove itself entitled to arbitration.

Relator argues that the failure to request mediation did not waive its right to arbitration, citing *In re Weekley Homes*, 985 S.W.2d 111, 114 (Tex. App.—San Antonio 1998, orig. proceeding) (*Weekley* II). The parties in the Weekley cases had an agreement that permitted the parties to request arbitration only after participating in mediation. The trial court denied a motion to compel arbitration because the parties had not mediated. *Weekley* I, 936 S.W.2d at 17. The court of appeals affirmed, finding that mediation was a necessary precondition to arbitration under the terms of the parties' contract. *Id*. at 18-19. The parties then went to mediation, which failed. *Weekley* II, 985 S.W.2d at 113. When the relator again sought to compel arbitration, the trial court denied the motion after concluding that the relator had waived the right to arbitrate by filing its first

3

motion to compel arbitration before mediating the case. *Id*. The court of appeals found that denial to be an abuse of discretion because the arbitration agreement did not expressly provide that requesting arbitration before mediation waived any right a party had to arbitrate, and nothing about the relator's behavior indicated that it intended to waive its right to arbitrate. *Id*. at 114. The San Antonio court also wrote that the question of whether a party has followed the procedures necessary to invoke an arbitration clause is ordinarily left to the arbitrator. *Id*. (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)).

This latter reasoning bears closer scrutiny with respect to the particular facts of this case. The Supreme Court in *John Wiley* distinguished between concepts of substantive arbitrability and procedural arbitrability, but noted that cases would rarely present issues that were plainly one or the other. 376 U.S. at 556-57. The court defined substantive issues as those relating to whether the subject matter of the dispute was within an arbitration agreement and procedural issues as those relating to whether the procedures for invoking and using arbitration were met. *Id*. at 557. Generally, substantive issues are to be decided by courts and procedural issues are to be submitted as part of the arbitration. *Id*. at 557-58. The *John Wiley* court held that the issues concerning fulfillment of arbitration prerequisites blended substance and procedure and should be resolved by the arbitrator. *Id*. at 557. In that case, the union argued that Wiley's consistent refusal to recognize the union's representative status made following the grievance steps under the contract utterly futile and a bit ridiculous. The union also argued that time limits in the grievance procedure were not dispositive because the violations of the bargaining agreement were continuing. These arguments were inseparable from the disputes underlying the validity of the agreement. *Id*.

4

Courts nevertheless have held that issues related to the meeting of conditions precedent to arbitration—including time limits, notice, and laches—are procedural arbitrability issues. *See Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84-86 (2002). In concluding that a National Association of Securities Dealers arbitrator should determine whether the parties had met NASD requirements for requesting arbitration, the Supreme Court deemed such issues as "presumptively for the arbitrator, not for the judge." *Id*. at 85. The Tyler court of appeals held that a trial court abused its discretion by failing to compel arbitration despite an allegation that the party requesting arbitration failed to satisfy the precondition that it participate in mediation. *In re R & R Personnel Specialists of Tyler, Inc.*, 146 S.W.3d 699, 704 (Tex. App.—Tyler 2004, orig. proceeding). The court held that compliance with a mediation precondition was a procedural arbitrability issue that should be resolved by an arbitrator. *Id*.

Some courts have noted an exception to this bright-line distinction. In *John Wiley*, the Supreme Court wrote that doubts about whether preconditions have been met "cannot *ordinarily* be answered without consideration of the merits of the dispute which is presented for arbitration." 376 U.S. at 557 (emphasis added). The Court wrote:

> Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator. Even under a contrary rule, a court could deny arbitration only if it could confidently be said not only that a claim was strictly "procedural," and therefore within the purview of the court, but also that it should operate to bar arbitration altogether, and not merely limit or qualify an arbitral award.

5

*Id*. The Fifth Circuit derived from this language a narrow exception to the general rule that arbitrators decide questions of procedural arbitrability, applicable when those issues are essentially undisputed factually. *General Warehousemen & Helpers Union Local 767 v. Albertson's Distribution, Inc.*, 331 F.3d 485, 488 (5th Cir. 2003). The Fifth Circuit wrote:

> We have interpreted this rare exception to mean that "a court will not order arbitration if 'no rational mind' could question that the parties intended for a procedural provision to preclude arbitration and that the breach of the procedural requirement was clear." [*Oil, Chem. & Atomic Worker's Int'l Union, Local 4-447 v. Chevron Chem. Co.*, 815 F.2d 338, 342 (5th Cir. 1987)] (quoting *Rochester Tel. Corp. v. Communication Workers of Am.*, 340 F.2d 237, 239 (2d Cir. 1965)).

*Warehousemen*, 331 F.3d at 488. The Dallas court of appeals similarly noted the possibility of an exception. Discussing procedural arbitrability, that court wrote: "Such procedural questions include whether any contractually-based prerequisites to arbitration have been satisfied, *at least* when such issues are intertwined with the underlying facts of the dispute." *American Realty Trust, Inc. v. JDN Real Estate-McKinney, L.P.*, 74 S.W.3d 527, 531 (Tex. App.—Dallas 2002, pet. denied) (citing *Del E. Webb Constr. v. Richardson Hosp. Auth.*, 823 F.2d 145, 149 (5th Cir.1987)). These courts did not use the exception because each of them faced disputed facts concerning the procedural arbitrability issues. *See John Wiley*, 376 U.S. at 557-58; *Warehousemen*, 331 F.3d at 488-490; *American Realty*, 74 S.W.3d at 532; *see also Weekley* II, 985 S.W.2d at 114.

Other courts have upheld decisions that arbitration could not be compelled when parties who were contractually required to mediate or follow other grievance procedures as a precondition to arbitration had failed to do so. *HIM Portland, LLC v. Devito Builders, Inc.*, 317 F.3d 41, 44 (1st Cir. 2003); *Kemiron Atl., Inc. v. Aguakem Int'l, Inc.*, 290 F.3d 1287, 1290-91

6

(11th Cir. 2002); *Allen v. Apollo Group, Inc.*, No. Civ. A. H-04-3041, 2004 U.S. Dist. LEXIS 26750, at \*27 (S.D. Tex. Nov. 9, 2004). *But see Guam v. Pacificare Health Ins. Co. of Micronesia*, *Inc.,* 2004 Guam 17, 2004 Guam LEXIS, 18 at \*40 n.7 (Guam 2004) (distinguishing *HIM* because it "did not address the issue of whether the court or the arbitrators should decide whether a condition precedent to arbitration was satisfied"). These courts reasoned that because the parties contractually agreed to mediate before arbitrating, compelling arbitration in the absence of mediation would thwart the parties' original intention. As the Eleventh Circuit wrote:

> The FAA's policy in favor of arbitration does not operate without regard to the wishes of the contracting parties. Here, the parties agreed to conditions precedent before arbitration can take place and, by placing those conditions in the contract, the parties clearly intended to make arbitration a dispute resolution mechanism of last resort.

*Kemiron*, 290 F.3d at 1290. The courts held that the parties' failure to conduct the required mediation meant that the arbitration clause was not invoked. *HIM*, 317 F.3d at 44; *Kemiron*, 290 F.3d at 1291 ("Because neither party requested mediation, the arbitration provision has not been activated and the FAA does not apply.") Without addressing the procedural arbitrability line of cases, these courts treat the precursor mediation as a contract compliance issue rather than an arbitration procedural issue.

As presented in this petition, there is no question of fact with respect to the mediation prerequisite. The agreement expressly requires mediation as a precondition for requesting arbitration. The agreement binds relator. There is no allegation or proof that either party requested mediation, that they held a mediation, or that Jimenez resisted participating in mediation. Relator

7

has failed to comply with the terms of its contract with Jimenez setting up preconditions for arbitration. Under either the *Warehouseman* or the *HIM/Kemiron* theories, the arbitration clause has not been triggered. *See Warehousemen*, 331 F.3d at 488; *HIM*, 317 F.3d at 44; *Kemiron*, 290 F.3d at 1291. We do not express any opinion regarding whether relator has waived the right to arbitrate upon satisfaction of the preconditions, only that the right to compel arbitration has not yet accrued under the terms of the contract. Nor do we express any opinion regarding whether this lawsuit should continue in the trial court despite the fact that an alternative dispute resolution and arbitration agreement exists (whether enforceable or not), but Jimenez has not complied with it and the relator has not properly invoked it. On the undisputed record presented here, the trial court did not abuse its discretion by refusing to compel arbitration.

The petition for writ of mandamus is denied.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: May 24, 2007

8