Petition for Writ of Mandamus Denied and Opinion filed November 1, 2007








Petition for
Writ of Mandamus Denied and
Opinion filed November 1, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00185-CV

____________

 

IN RE IGLOO PRODUCTS CORP. AND JOSE
RODRIGUEZ,
Relators

 

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I O N

In this
original proceeding, relators Igloo Products Corporation and Jose Rodriguez
seek a writ of mandamus directing the respondent, Dan R. Beck, presiding judge
of the 155th District Court of Waller County, (1) to vacate his January 9, 2007
order denying relators= motion to compel arbitration, and (2) to grant relators= motion to compel arbitration of all
claims pending in the action and to stay trial court proceedings pending such
arbitration.  We deny the petition for writ of mandamus.








Underlying Facts and Procedural History

Igloo
Products Corporation is a manufacturing company in Houston, Texas.  Igloo does
not carry workers= compensation insurance and is thus not a subscriber to the
Texas Workers= Compensation Act.  Tex. Labor Code Ann. ' 406.002 (Vernon 2006).  Igloo,
however, has established the Igloo Products Corp. Employee Injury Benefit Plan
(Athe Plan@) under the federal Employee
Retirement Income Security Act (AERISA@). See generally 29 U.S.C. '1001 et seq. The Plan
specifies certain medical, wage-replacement, dismemberment, burial, and death
benefits payable to participating employees in the event of injury or death
suffered in the course and scope of employment with Igloo.  Participation in
the Plan is not a condition of employment with Igloo.  To participate in the
Plan and to secure the right to receive the specified benefits, an employee
must execute an Election and Arbitration Agreement.[1]

Joel
Varela was fatally injured on June 23, 2006, during the course and scope of his
employment with Igloo.  Because Varela was a participating employee under the
Plan, Igloo paid medical, funeral, and burial expense benefits to his surviving
spouse.  Thereafter, Varela=s spouse and children (collectively Athe Varelas@) filed the underlying lawsuit
against Igloo and its employee, relator Jose Rodriguez.  (Igloo and Jose
Rodriguez are hereinafter collectively referred to as Athe Igloo Parties.@)   The Varelas alleged that Joel
Varela=s death resulted from the Igloo
Parties= negligence and gross negligence. 
The Varelas assert claims under the Texas Wrongful Death Act.[2] 
See Tex. Civ. Prac. & Rem. Code Ann. '' 71.001 B .012 (Vernon 1997 and Supp. 2006).








In the
trial court, the Igloo Parties moved to compel arbitration of the Varelas= claims under the terms of the
Election and Arbitration Agreement that Joel Varela had executed in connection
with his participation in the Plan (Athe Agreement@).  The Agreement purports to bind
Varela=s Abeneficiaries, heirs, children,
spouse, parents and legal representatives.@  The Igloo Parties further asserted
that by having accepted payment of benefits under the Plan, the Varelas were
equitably estopped and contractually precluded from avoiding the Agreement=s arbitration provision.  The Varelas
opposed the motion to compel arbitration, arguing that neither Joel Varela=s execution of the Agreement nor
Igloo=s payment of benefits owing to his
estate could bind them to arbitrate their individual, personal claims for Joel
Varela=s wrongful death. The Varelas also
contended that, even if the Agreement applied to their wrongful death claims,
the trial court should not compel arbitration because the parties have not
mediated the Varelas= claims.

The
trial court denied the Igloo Parties= motion to compel arbitration, and
the Igloo Parties have filed a petition for writ of mandamus in this court.

Standard of Review

The
Igloo Parties assert, and the Varelas do not dispute, that the Agreement in
this case is subject to the Federal Arbitration Act (AFAA@).  See generally 9 U.S.C. '1 et seq. Mandamus relief is
available when the trial court abuses its discretion by erroneously denying a
party its contracted‑for arbitration rights under the FAA.  See In re
D. Wilson Const. Co., 196 S.W.3d 774, 780B81 (Tex. 2006) (orig. proceeding). 
Therefore, the Igloo Parties= right to mandamus relief hinges on whether the trial court=s refusal to compel arbitration was
an abuse of its discretion.[3]








A party
seeking to compel arbitration must establish that a valid arbitration agreement
exists and that the claims asserted are within the scope of the agreement.  See
In re D. Wilson Construction Co., 196 S.W.3d at 781.  If these two showings
are made, the burden shifts to the party opposing arbitration to present a
valid defense to the agreement.  J.M. Davidson, Inc. v. Webster, 128
S.W.3d 223, 227B28 (Tex. 2003).  In
the absence of evidence of a valid defense, the trial court has no discretion
to exercise and must compel arbitration and stay its own proceedings.  In re
J.D. Edwards World Solutions Co., 87 S.W.3d 546, 549 (Tex. 2002) (orig.
proceeding).

The
trial court denied the Igloo Parties= motion to compel arbitration.  The
trial court concluded that the Igloo Parties failed to prove that (1) there is
a valid, enforceable arbitration agreement between the Igloo Parties and the
Varelas and (2) the Varelas= claims are within the scope of a valid, enforceable
arbitration agreement.  

Analysis

Both the
Plan and the Agreement address resolution of disputes between Igloo and those
employees who choose to participate in the Plan.  Pertinent portions of both
documents are set forth below.

ELECTION
AND ARBITRATION AGREEMENT








By signing this Election and Arbitration Agreement
(hereinafter AAgreement@),
I, the undersigned employee of Igloo Products Corp. (hereinafter Athe Company@),
voluntarily elect to participate in the Igloo Products Corp. Employee Injury
Benefit Plan (hereinafter the APlan@) and agree with the Company to the following:

* * *

MUTUAL PROMISES TO RESOLVE CLAIMS BY BINDING
ARBITRATION:  I recognize that
disputes may arise between the Company (or one of its affiliates) and me during
or after my employment with the Company.  I understand and agree that any and
all such disputes that cannot first be resolved through the Company=s internal dispute resolution procedures or mediation must
be submitted to binding arbitration.

I acknowledge and understand that by signing this
Agreement I am giving up the right to a jury trial on all of the claims covered
by this Agreement in exchange for
eligibility for the Plan=s medical, disability, dismemberment, death and burial
benefits and in anticipation of gaining the benefits or a speedy, impartial,
mutually-binding procedure for resolving disputes.

 

Igloo Products Corp. Employee Injury Benefit Plan

* * *

Arbitration of Employment Disputes: By executing and agreeing to the Election and
Arbitration Agreement, an Employee affirmatively agrees to submit to binding
arbitration all claims or disputes covered by the Election and Arbitration
Agreement.

* * *

B.        Arbitration Procedures.  The following provisions are incorporated by
reference into, and made part of, the Election and Arbitration Agreement, the
same as if they were set forth at length in the Election and Arbitration
Agreement itself:

* * *

3.         Mediation: The Company (and each Employer) and I agree that the
arbitration procedures described in this Paragraph B . . . and incorporated by
reference into the Election and Arbitration Agreement shall not be invoked
unless the party seeking arbitration has first mediated the dispute with the
other party or parties . . . .[4]








The
Varelas concede that Joel Varela entered into a valid arbitration agreement
with Igloo.  They dispute, however, whether that agreement binds them to
arbitrate their own personal claims for wrongful death of their husband and
father.  The Varelas assert that Joel Varela did not and could not bind his
spouse and children to arbitrate rather than litigate their wrongful death
claims against Igloo.  The Igloo Parties assert that the Varelas= acceptance of medical, funeral, and
burial benefits under the Plan independently binds them to the arbitration provision. 
However, we need not address these arguments because we conclude that, even
presuming, without deciding, that the Varelas are bound to the arbitration
provisions of the Agreement, the Varelas= claims are not within the scope of
claims subject to arbitration under the Agreement.  

The
Agreement requires that Aany and all ... disputes that cannot first be resolved
through the Company=s internal dispute resolution
procedures or mediation must be submitted to binding arbitration.@[5]  The Plan=s arbitration procedures, which are
incorporated by reference into the Agreement, Ashall not be invoked unless
the party seeking arbitration has first mediated the dispute with the other
party.@[6]  Neither party has suggested the
Plan or the Agreement is ambiguous, and we conclude that both documents
unambiguously provide for the arbitration only of claims that cannot
first be resolved through Igloo=s internal dispute resolution procedures or mediation.  The
Igloo Parties admit that the Varelas= claims have not been mediated or
otherwise submitted to Igloo=s internal dispute resolution procedures.  In their motion to
compel arbitration, the Igloo Parties neither alleged nor presented any proof
that (1) the Varelas= claims fell within the category of claims that could not be
resolved through Igloo=s internal dispute resolution procedures or through mediation
or (2) the Varelas= claims had been subjected to Igloo=s internal dispute resolution
procedures or mediation.  








The
Igloo Parties contend, however, that it is for the arbitrator,  not the courts,
to decide whether arbitration is precluded by there having been no prior
mediation or internal dispute resolution procedures.  In making this argument,
the Igloo Parties rely primarily on Howsam v. Dean Witter Reynolds, Inc.,
537 U.S. 79, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002).  Howsam involved
a dispute between a securities brokerage firm and its former customer.  After
the customer commenced arbitration proceedings under the arbitration clause of
her brokerage account agreement, the firm filed suit in federal district court
seeking a declaratory judgment that the dispute was ineligible for arbitration
and an injunction prohibiting the customer=s prosecution of the arbitration
proceeding.  The firm claimed that arbitration was precluded by the terms of
the arbitration code of the National Association of Securities Dealers (ANASD@), under the auspices of which the
customer had elected to arbitrate.  The NASD code included a rule that no
dispute Ashall be eligible for submission [to
arbitration] . . . where six (6) years have elapsed from the occurrence or
event giving rise to the . . . dispute.@  Finding that the NASD arbitrator
should interpret whether the NASD time-limit rule precluded prosecution of the
arbitration, the district court dismissed the firm=s action.  On appeal, the Court of
Appeals for the Tenth Circuit reversed, concluding that application of the NASD
rule presented a question of the underlying dispute=s arbitrability, which is
presumptively for a court to decide.  








On
certiorari, the United States Supreme Court stated that courts, rather than
arbitrators, should decide Agateway@ matters that Acontracting parties would likely have
expected a court to have decided . . . where they are not likely to have
thought that they had agreed that an arbitrator would do so, and consequently,
where reference of the gateway dispute to the court avoids the risk of forcing
parties to arbitrate a matter that they may well not have agreed to arbitrate.@  Howsam, 537 U.S. at 83B84, 123 S. Ct. at 592.  The Supreme
Court stated that courts, rather than arbitrators, should decide gateway
disputes as to whether parties are bound by a given arbitration clause or
whether an arbitration agreement covers a particular kind of controversy.  See
id., 537 U.S. at 84, 123 S. Ct. at 592.  On the other hand, matters of Aprocedural arbitrability,@ such as allegations of waiver,
delay, or a similar defense to arbitrability, are presumptively for the
arbitrator to decide.  See id.  However, this presumption may be
overcome by language in the arbitration agreement reflecting an intent 
contrary to this presumption.  See id.  The agreement in Howsam did
not exempt from the scope of the arbitration clause claims based on an event
that occurred more than six years before the claim was submitted to
arbitration.  See id., 537 U.S. at 81B82, 123 S. Ct. at 591.  The United
States Supreme Court held that application of the NASD time-limit rule was the
province of the arbitrator based on the arbitration agreement at issue. See
id., 537 U.S. at 84B86, 123 S. Ct. at 592B3.

Two of
our sister courts have construed Howsam in the context of an agreement
containing a mediation requirement.  See In re Pisces Foods, L.L.C., 228
S.W.3d 349 (Tex. App.CAustin 2007, orig. proceeding); In re R&R Personnel
Specialists of Tyler, Inc., 146 S.W.3d 699 (Tex. App.CTyler 2004, orig. proceeding).  In R&R
Personnel Specialists, the party opposing arbitration argued that the
movant had waived its right to arbitration by failing (1) to give timely notice
of its underlying claim; (2) to give written notice of its intent to arbitrate
the claim; and (3) to participate in mediation before seeking arbitration. 
Citing Howsam, but without quoting the contractual language on which any
one of these purported requirements was based, the court of appeals
characterized waiver as a question of procedural arbitrability for the
arbitrator to decide.  The court granted mandamus relief directing the trial
court to vacate its order denying arbitration and to compel such arbitration.  R&R
Personnel Specialists, 146 S.W.3d  at 704B05.[7]








In Pisces
Foods, the trial court denied an employer=s motion to compel arbitration of an
employee=s personal injury claim.  The
arbitration agreement stated:

Each Step
[of this dispute resolution program] must be followed in sequence so that we
have every opportunity to work together toward an agreeable resolution of the
issue . . . . If you have a work-related problem that involves a legally
protected right that could not be settled through Steps 1, 2 or 3 [internal
dispute resolution procedures and mediation] of the Program, you may request
arbitration.

Pisces Foods, 228 S.W.3d at 351.  Without
deciding (1) the employee=s claim that she was not bound by the agreement or (2) the
employer=s claim that the agreement had been
wrongfully excluded from evidence at the hearing on the motion to compel
arbitration, the court of appeals held that arbitration was not available under
the agreement because no mediation had occurred.  Id.  

Discussing
both Howsam and R&R Personnel Specialists, as well as a
number of decisions from other jurisdictions,[8]
the Austin Court of Appeals held that the relator=s right to arbitration had not yet
accrued or been triggered because there was no proof that either party had
requested or attempted mediation.  Pisces Foods, 228 S.W.3d at 353B54.








            The Varelas
do not contend (as did the employee in R&R Personnel Specialists)
that failure to mediate the claims constitutes a waiver of the Igloo Parties= right to compel arbitration.[9] 
They assert that the Agreement has not yet been triggered and that the trial
court thus properly declined to compel arbitration.  If Joel Varela agreed to
arbitrate all claims and disputes with Igloo without any reference to mediation
but with separate arbitration procedures providing for prior submission of
disputes to mediation, we might reach a different conclusion.  In this case,
however, the only claims that Joel Varela agreed to arbitrate were Adisputes that cannot first be
resolved through [Igloo=s] internal dispute resolution procedures or mediation.@  Because arbitration is a matter of
contract, a party cannot be required to submit to arbitration any dispute which
he has not agreed to submit to arbitration.  Howsam, 537 U.S. at 83, 123
S. Ct. at 591.  Joel Varela agreed to arbitrate only disputes that were not
resolved by Igloo=s internal dispute resolution procedures or mediation. 
Therefore, the issue at hand is a Agateway dispute@ as to whether the arbitration
agreement covers a particular kind of controversy, and courts, rather than the
arbitrator, must resolve this issue.  See id., 537 U.S. at 84, 123 S.
Ct. at 592; HIM Portland, LLC v. Devito Builders, Inc., 317 F.3d 41, 44
(1st Cir. 2003); Kemiron Atlantic, Inc. v. Aguakem International, Inc.,
290 F.3d 1287, 1289B90 (11th Cir. 2002); Pisces Foods, 228 S.W.3d at 353B54; see also Allen v.
Apollo Group, Inc., No. Civ.A.H-04-3041, 2004 WL 3119918, at *5B8 (S.D. Tex. Nov. 9, 2004)
(Rosenthal, J.).  Presuming, without deciding, that the Varelas are bound by
the arbitration provisions in question, the trial court did not abuse its
discretion by impliedly determining that the Igloo Parties did not prove that
the Varelas= claims fall within the scope of the arbitration agreement because they
are not Adisputes that cannot first be
resolved through [Igloo=s] internal dispute resolution procedures or mediation.@ See Pisces Foods, 228 S.W.3d at 353B54.[10] 









Accordingly, we deny the Igloo Parties= petition for writ of mandamus and
vacate our March 8, 2007 order staying proceedings in the trial court.

 

 

 

/s/        Kem
Thompson Frost

Justice

 

Petition Denied and Opinion filed November 1, 2007.

Panel consists of Justices Frost, Seymore, and Guzman.









[1]  The Election and Arbitration Agreement specifically
excludes criminal matters and claims for unemployment benefits from the
arbitration requirement.





[2]  The Varelas previously asserted a claim under the
Texas survival statute, but they no longer assert this claim.  See Tex.
Civ. Prac. & Rem. Code Ann. '
71.021 (Vernon 1997).





[3]   In 1992, addressing whether a party is entitled to
mandamus relief for wrongful denial of its arbitration rights under an
agreement subject to the FAA, the Texas Supreme Court concluded that the Texas
Arbitraton Act (ATAA@) does not
provide such a party the ability to assert an interlocutory appeal.  See
Jack B. Anglin, Inc. v. Tipps, 842 S.W.2d 266, 272B73 (Tex. 1992).  In 2006, the Texas Supreme Court
decided that such a party can file an interlocutory appeal of the trial court=s denial of a motion to compel arbitration under an
agreement governed by the FAA.  See In re D. Wilson Const. Co., 196
S.W.3d 774, 778B80 (Tex. 2006).  It might appear that the Igloo
Parties are not entitled to mandamus relief in this case because the FAA
governs the Agreement and, under In re D. Wilson Const. Co., they have
an adequate remedy at law by interlocutory appeal.  See id.  However,
the Texas Supreme Court reaffirmed in  In re D. Wilson Const. Co. that
mandamus remains available when a party is erroneously denied its contracted‑for
arbitration rights under the FAA.  See In re D. Wilson Const. Co., 196
S.W.3d at 780B81.  Therefore, we conclude that mandamus relief is
still potentially available to the Igloo Parties.  

  





[4]  All boldface and underlining emphasis shown
in the quoted material is contained in the original documentation.





[5]  Italic emphasis added; underlining in original. 





[6]  All emphasis added.  





[7]  See also In re Weekley Homes, 985 S.W.2d 111
(Tex. App.CSan Antonio 1998, orig. proceeding) (holding, pre-Howsam,
that whether party=s failure to mediate before invoking arbitration
provision releases other parties from obligation to arbitrate is procedural
question for arbitrator to address in cases in which arbitration agreement did
not exempt claims that had not been mediated).





[8]  See General Warehousemen & Helpers Union
Local 767 v. Albertson=s
Distribution, Inc., 331 F.3d 485, 488
(5th Cir. 2003); HIM Portland, LLC v. Devito Builders, Inc., 317 F.3d
41, 44 (1st Cir. 2003); Kemiron Atlantic, Inc. v. Aguakem International,
Inc., 290 F.3d 1287 (11th Cir. 2002); Allen v. Apollo Group, Inc.,
No. Civ.A.H-04-3041, 2004 WL 3119918 (S.D. Tex. Nov. 9, 2004) (unreported
decision).





[9]  The Varelas assert a waiver argument, but it is
based solely on the contention that by substantially invoking the judicial
process, the Igloo Parties have waived the right to arbitrate.  However, based
on our disposition, we need not address the Varelas= argument in this regard.





[10]  This court relied on Howsam in granting
mandamus relief directing the trial court to compel arbitration in In re
Global Construction Company, L.L.C., 166 S.W.3d 795 (Tex. App.CHouston [14th Dist.] 2005, orig. proceeding).  The
question posed was whether Athe underlying
dispute, in which the real party in interest claims that arbitration is
time-barred, is an issue of procedural arbitrability and thus for the
arbitrator, or is an issue of substantive arbitrability for the court.@  Id. at 796 (citing Howsam).  Under the
contract at issue in that case, a demand for arbitration was required to be
made Awithin 30 days after the date on which the party
making the demand receives the final written decision [of the Architect].@ The trial court Aexpressly
found that [the party] waived its right to arbitrate those claims that had been
submitted to the architect by failing to demand arbitration within thirty days.@  Id. at 797.  We held that Aany contractual time limit on a request for
arbitration is a matter for the arbitrator.@  Id.
at 799.  Although the contract in that case required mediation, the parties
did not raise, and the court did not address, this requirement. Id. at
797B99. Indeed, in that case, the parties had agreed that
the claims involved fell within the scope of the agreement.  Id. at
798.  In addition, unlike the Agreement in this case, the arbitration agreement
in that case stated that A>[a]ny claims arising out of or related to the Contract= are subject to arbitration.@ Id. at 796. Therefore, In re Global
Construction Company is not on point.