**Opinion issued December 17, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-19-00920-CV**

————————————

**MARK S. BURKE AND PETRO ENERGY SERVICES, LLC, Appellants**

**V.**

**J.B. ROBERSON, JR., BUNKER HILL OIL FIELD SERVICES, LLC, JAMES FAIRBAIRN, JON FLEMING, UNITED ENERGY RENTALS, LLC, J.B. ROBERSON, SR., CONNIE ROBERSON, FRANK LUME, KARNES ENERGY SERVICES, LLC, IENERGY OILFIELD SERVICES, LLC, AND TRINITY GATE GUARD SERVICES LOC, Appellees**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-46103**

---

## MEMORANDUM OPINION

This is an appeal from the trial court's orders vacating an arbitral award under

the Texas Arbitration Act. Under the arbitration agreement at issue, mediation is a

condition precedent to arbitration. It is undisputed that this condition precedent was not satisfied or waived. Because it is undisputed that a condition precedent to arbitration was not satisfied or waived, we hold that the dispute was never properly before the arbitrator and that the arbitrator therefore exceeded his powers in issuing his award. Accordingly, we affirm.

## Background

This appeal concerns the vacatur of an arbitration award rendered in favor of the two claimants and against the six respondents, none of whom participated in arbitration and only two of whom were signatories to the agreement to arbitrate. The underlying contract is the Amended and Restated Agreement of United Energy Waste, LLC.

UEW is a company that supplies porta potties and similar products to the oilfield industry. It was formed in 2012 by its three original members: (1) Mark Burke, (2) J.B. Roberson, Jr., and (3) Bunker Hill Oil Field Services, LLC. Bunker Hill is an entity formed for the sole purpose of serving as a member of UEW. It is owned by Jon Fleming and Houston Consultants International, Inc. HCI, in turn, is owned by James Fairbairn. Shortly after forming UEW, the members executed the UEW Agreement, and Burke then transferred his ownership interest to his company, Petro Energy Services, LLC. Since then, UEW has been owned in equal parts by Petro, Roberson, Jr., and Bunker Hill

2

Since its formation, UEW has had the same three managers, Burke, Roberson, and Fairbairn. And it has had only one customer, Trinity Gate Guard Services, LOC, an oil field services company owned by Roberson, Jr.'s parents, J.B. Roberson Sr. and Connie Roberson. For a time, Trinity did business as United Energy Rentals, LLC.

The arrangement appears to have been profitable for the first several years. But when the oil and gas industry took a downturn in 2015, Trinity no longer had a need for UEW's services, and UEW's operations almost entirely ceased. Around this time, Burke began to complain about his distributions as a UEW member and perceived self-dealing by the other members and managers. Burke accused Bunker Hill, Fairbairn, and Roberson Jr. of breaching their contractual and fiduciary duties and demanded mediation under the UEW Agreement's arbitration clause, which provides:

> Except as otherwise provided above by Section 12.1, any controversy which touches on or concerns this Agreement shall be resolved by mediation, and if such mediation is unable to resolve the controversy then exclusively by binding arbitration administered pursuant to American Arbitration Association rules then applicable for commercial disputes.

The parties dispute whether Roberson, Jr., Bunker Hill, and Fairbairn received Burke's mediation demands. It is undisputed, however, that they never responded to the demands and that no mediation occurred.

In December 2018, Burke filed an arbitration demand under the UEW Agreement with the American Arbitration Association, naming Fairbairn, Roberson, Jr., Roberson, Sr., Connie, Trinity, and UER as respondents (hereinafter "the Respondents" unless otherwise indicated).[1] In the demand, Burke asserted that all conditions precedent to arbitration had been satisfied, as the Respondents had "failed and refused" to respond to his prior mediation demands.

Again, the parties dispute whether the Respondents received notice of the arbitration. It is undisputed, however, that none of the Respondents responded to notice, entered an appearance at any time, or participated in the final hearing held in May 2019.

After the final hearing, the arbitrator issued his final award. In the award, the arbitrator held that he had jurisdiction over the matters submitted because the AAA had "assured" him, and Burke had "also confirmed," that "all notices" had been "properly made" to the Respondents. The arbitrator found that the Respondents had breached the UEW Agreement and held them jointly and severally liable for the damages caused by the breach. The arbitrator further found that Roberson Jr. and Fairbairn had breached their fiduciary duties to Burke and held them jointly and severally liable for the breach.

---

[1] The other respondents included Bunker Hill, Fleming, Frank Blume, Karnes Energy Services, LLC, and iEnergy Oilfield Services, LLC.

After the arbitrator issued his final award, Burke filed an application to confirm the final award in the trial court. The Respondents answered and moved to vacate the award. The trial court granted the Respondents motions and vacated the arbitral award without specifying its grounds for doing so.

Burke appeals.

## Vacatur of Arbitral Award

In three issues, Burke argues that the trial court erred in vacating the arbitral award because the Respondents failed to meet their burden to establish grounds for vacatur.

### A. Standard of review and applicable law

We review de novo a trial court's order to vacate an arbitral award. *Port Arthur Steam Energy LP v. Oxbow Calcining LLC*, 416 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Because Texas law favors arbitration, judicial review of an arbitral award is "extraordinarily narrow." *Id.* (quoting *Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc.*, 115 S.W.3d 16, 18 (Tex. App.—Fort Worth 2003, pet. denied)). An arbitral award "has the same effect as a judgment of a court of last resort; accordingly, all reasonable presumptions are indulged in its favor. *Port Arthur Steam Energy*, 416 S.W.3d at 713.

Under the TAA, a trial court "shall" confirm an arbitral award "unless grounds are offered for vacating" the award. TEX. CIV. PRAC. & REM. CODE § 171.087. The exclusive grounds for vacating an arbitral award are set forth in Section 171.088. *See id.* § 171.088(a); *Hoskins v. Hoskins*, 497 S.W.3d 490, 495 (Tex. 2016) ("[A] party may avoid confirmation only by demonstrating a ground expressly listed in section 171.088.").

As relevant here, Section 171.088 provides that a trial court "shall" vacate an arbitral award if the party seeking vacatur shows the arbitrator "exceeded" his "powers." TEX. CIV. PRAC. & REM. CODE § 171.088(a)(3)(A); *IQ Holdings, Inc. v. Villa D'Este Condo. Owner's Ass'n, Inc.*, 509 S.W.3d 367, 373 (Tex. App.— Houston [1st Dist.] 2014, no pet.) (burden is on party seeking vacatur). An arbitrator exceeds his powers "by deciding a matter not properly before" him. *IQ Holdings*, 509 S.W.3d at 373.

## B.    Analysis

The Respondents asserted three grounds for vacatur, and the trial court did not specify the grounds on which it granted their motions to vacate the arbitral award. Because it is dispositive, we begin by addressing the Respondents' third ground: that the arbitrator exceeded his powers by deciding a matter not properly before him.

The Respondents argue that Burke's claims were never properly before the arbitrator because a condition precedent to arbitration, mediation, was never satisfied or waived. We agree.

Under the UEW Agreement, mediation is a condition precedent to arbitration. The UEW Agreement's arbitration clause provides that "any controversy which touches on or concerns [the UEW Agreement] shall be resolved by mediation, and if such mediation is unable to resolve the controversy then exclusively by binding arbitration." This conditional language establishes mediation as a condition precedent to arbitration. *See Amir v. Int'l Bank of Commerce*, 419 S.W.3d 687, 692 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("No particular words are required to create a condition precedent, but terms such as 'if,' 'provided that,' 'on condition that,' or some other phrase that conditions performance, 'usually connote an intent for a condition rather than a promise.'" (quoting *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976)); *see also In re Igloo Prods. Corp.*, 238 S.W.3d 574, 578 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (mediation was condition precedent to arbitration when agreement provided that its "arbitration procedures . . . shall not be invoked unless the party seeking arbitration has first mediated the dispute with the other party"); *In re Pisces Foods, L.L.C.*, 228 S.W.3d 349, 351, 353 (Tex. App.—Austin 2007, no pet.) (mediation was condition

precedent to arbitration when agreement required employee and employer to follow multi-step dispute resolution program "in sequence" before requesting arbitration).

Thus, under the UEW Agreement, before the parties have the right and duty to arbitrate a dispute, the parties must submit the dispute to mediation. *See Amir*, 419 S.W.3d at 691–92 ("Conditions precedent to an obligation to perform are acts or events that occur after the execution of a contract and that must occur either before there is a right to immediate performance or before there is a breach of a contractual duty." (quoting *Hohenberg Bros. Co.*, 537 S.W.2d at 3)). Unless and until they do so, the controversy is not properly before the arbitrator. *See In re Igloo Prods.*, 238 S.W.3d at 577–78 (claims were not within arbitration agreement's scope when agreement provided for arbitration only of claims that could not first be resolved through mediation, and claims had not been mediated); *In re Pisces Foods*, 228 S.W.3d at 353–54 (holding that employer's right to arbitration had not yet accrued or been triggered when no mediation had occurred as required by employer's dispute resolution program). Here, it is undisputed the condition precedent was not satisfied; the parties did not mediate Burke's claims before he initiated arbitration.

Burke nevertheless argues that his claims were properly before the arbitrator because the Respondents waived their right to mediation by "ignoring" his mediation demands. We disagree. Under Texas law, waiver cannot be implied from a party's

"inaction." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 515 (Tex. 2015). Thus, a waiver of the Respondents' right to mediation cannot be implied from them ignoring Burke's mediation demands. *See id.*

Burke further contends that whether this condition precedent had been satisfied or waived was an issue of procedural arbitrability for the arbitrator, and not the trial court, to decide. *See W. Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.*, 237 S.W.3d 745, 753–54 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (unless arbitration agreement provides otherwise, courts determine issues of substantive arbitrability, and arbitrators decide matters of procedural arbitrability). Again, we disagree.

The caselaw provides that this issue is, in fact, one for the trial court, either because the language of the arbitration clause reflects such an intent, *see In re Igloo Prods.*, 238 S.W.3d at 580 (issue of procedural arbitrability is presumptively for arbitrator to decide absent language in arbitration agreement reflecting contrary intent), or because the relevant facts are undisputed, *see Southwinds Express Constr., LLC v. D.H. Griffin of Tex., Inc.*, 513 S.W.3d 66, 78 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[A] trial court decides the gateway issue of whether arbitration can be compelled in light of a condition precedent when there is no factual dispute about whether the condition precedent has been satisfied.").

9

Under the UEW Agreement, mediation is a condition precedent to arbitration. It is undisputed that the condition was not satisfied or waived here. As a result, Burke's claims were never properly before the arbitrator, and the arbitrator exceeded his powers in making the final award.

We overrule Burke's three issues.

## Conclusion

We affirm.

Gordon Goodman
Justice

Panel consists of Justices Kelly, Goodman, and Countiss.