**Motion to Withdraw Granted; Dismissed in Part, Affirmed in Part, and Memorandum Opinion filed January 4, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00300-CV

---

### GARY ALLEN NORDLING AND THE RESIDENTIAL GROUP, INC. D/B/A PALAIS BUILDERS, Appellants

### V.

### MIKE HAAKE AND DIANNA HAAKE, Appellees

---

**On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court Cause No. 352-308569-19**

---

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, appellants ask this court to reverse the trial court's order denying their motion to compel arbitration. The arbitration clause at issue requires the parties to mediate their claims before proceeding to arbitration. There is no question of fact that appellants did not seek to mediate the present claims before requesting arbitration. Accordingly, we conclude the trial court did not err in denying the motion to compel arbitration.

On October 20, 2021, counsel for appellant The Residential Group, Inc., d/b/a Palais Builders filed a motion to withdraw. On November 16, 2021, we ordered that if Palais Builders did not retain new counsel and file a motion to substitute by December 16, 2021, we would dismiss Palais Builders' appeal.[1] Because Palais Builders has not filed a motion to substitute counsel, we grant counsel's motion to withdraw as to Palais Builders and dismiss Palais Builders' appeal.[2] As to appellant Gary Allen Nordling, we affirm the order.

## Background

In February 2017, Mike and Dianna Haake hired Palais Builders to construct a home for the Haakes. The Haakes and Palais Builders signed a residential construction contract, which provided in relevant part:

> ALTERNATIVE DISPUTE RESOLUTION - It is the policy of the State of Texas to encourage the peaceable resolution of disputes through alternative dispute resolution procedures.
>
> **<u>Mediation-Binding Arbitration</u>: The parties agree that any dispute or claim arising under, or relating to, this Contract, any amendments thereto, the Property, Improvements, or any dealings between the Owner and Builder or their representatives shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) or, if applicable, by similar state statute, and not by or in a court of law.**

In July 2018, Mike signed a deed of trust conveying the property in trust to secure payment of a $190,000 promissory note payable to Gary Nordling, Palais

---

[1] Except for the performance of ministerial tasks, corporations may appear and be represented only by a licensed attorney. *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam); *see also Dell Dev. Corp. v. Best Indus. Uniform Supply Co.*, 743 S.W.2d 302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ denied).

[2] In our November 16, 2021 order, we denied the motion to withdraw as to Palais Builders. We now reconsider that ruling and grant the motion to withdraw.

Builders' president. Nordling characterizes this as an attempt to secure financing for the construction project. The Haakes present a competing narrative. According to the Haakes, after they sold their previous house and moved into the newly constructed house, appellants submitted payment demands for additional sums over the agreed budget. To avoid foreclosure of the new house, Mike signed the promissory note payable to Nordling.

After Mike allegedly defaulted on the note, Nordling and Palais Builders sued the Haakes for defaulting on the promissory note. The Haakes asserted counterclaims for breach of the construction contract by Palais Builders and violations of the Texas Deceptive Trade Practices-Consumer Protection Act by both Palais Builders and Nordling. The Haakes also sought a declaration to quiet title.

The Haakes moved for partial summary judgment, arguing that appellants had signed a release of all claims or debts relating to the construction project, thus precluding appellants' suit. While the Haakes' summary judgment motion was pending, appellants filed a motion to compel arbitration, invoking the arbitration clause in the construction contract and seeking arbitration of all claims between the parties. The Haakes responded, arguing that appellants had waived the arbitration provision by substantially invoking the judicial process. The Haakes also pointed out that appellants had failed to satisfy a precondition to arbitration by not first submitting the dispute to mediation.

The trial court granted the Haakes' motion for partial summary judgment, dismissed appellants' claims against the Haakes, and denied appellants' motion to compel arbitration. Appellants filed this interlocutory appeal of the February 28,

3

2020 order denying the motion to compel arbitration.[3]  Because we dismiss Palais Builders' appeal, we address only Nordling's arguments.

## Standard of Review

We review a trial court's order denying a motion to compel arbitration for abuse of discretion.  *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018) (orig. proceeding) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642-43 (Tex. 2009) (orig. proceeding)).  We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo.  *Id.*  Whether the claims in dispute fall within the scope of a valid arbitration agreement is a question of law, which we also review de novo. *Id.*

## Analysis

In two issues, Nordling argues that the trial court erred in denying the motion to compel arbitration because (1) the claims are within the scope of the arbitration agreement and (2) Nordling did not waive his contractual right to arbitration.

Arbitration "is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *Seven Hills Commercial, LLC v. Mirabal Custom Homes, Inc.*, 442 S.W.3d 706, 714 (Tex. App.—Dallas 2014, pet. denied).  A party seeking to compel arbitration has the initial burden to establish that a valid arbitration agreement exists and that the claims at issue fall within the scope of that agreement.  *Venture Cotton Coop. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014).

---

[3] *See* Tex. Civ. Prac. & Rem. Code § 51.016 (providing for appeal of interlocutory order denying motion to compel arbitration under the Federal Arbitration Act).

"Questions about whether prerequisites to arbitration have been fulfilled generally are left to the arbitrator to resolve." *Seven Hills*, 442 S.W.3d at 722. "However, there is a narrow exception to this rule: if clearly established proof shows that a strictly procedural requirement has not been met and that procedural requirement precludes arbitration, a court can deny a motion to compel arbitration on this ground." *Id.* "The exception may apply and a court may determine procedural arbitrability questions when the issues are factually undisputed." *Id.*

Here, the arbitration clause states that "any dispute or claim arising under, or relating to, this Contract, any amendments thereto, the Property, Improvements, or any dealings between the Owner and Builder or their representatives *shall first* be submitted to mediation and, if not settled during mediation, *shall thereafter* be submitted to binding arbitration." (Emphasis added.) Neither side has suggested the clause is ambiguous, and we conclude that the arbitration clause unambiguously provides for arbitration only of claims that cannot first be resolved through mediation.

In their motion to compel arbitration, appellants neither alleged nor presented any proof that the Haakes' claims had been submitted to, but not resolved by, mediation. In fact, the Haakes expressly raised the lack of mediation in their response to appellants' motion to compel and attached an affidavit from Mike, who testified that "[a]t no point in time has Palais Builders or Gary Nordling ever requested mediation." Appellants did not dispute the Haakes' contention. The Haakes again raised the lack of mediation in their appellate brief, and Nordling has not responded on this point.

Presuming without deciding that the Haakes are bound by the arbitration provision in question, we conclude that the trial court did not abuse its discretion in denying the motion to compel arbitration. On this record, Nordling has not proven

5

that the Haakes' claims fall within the scope of the arbitration agreement—i.e., disputes that have been submitted to, but not resolved by, mediation. *In re Igloo Prod. Corp.*, 238 S.W.3d 574, 581 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (concluding that trial court did not abuse its discretion in denying motion to compel arbitration when claims had not first been submitted to mediation, as required by arbitration provision); *see also Southwinds Express Constr., LLC v. D.H. Griffin of Tex., Inc.*, 513 S.W.3d 66, 78 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (trial court decides as a matter of law the gateway issue of whether arbitration can be compelled in light of a condition precedent when there is no factual dispute about whether the condition precedent has been satisfied); *Amir v. Int'l Bank of Commerce*, 419 S.W.3d 687 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (same). Stated differently, Nordling has not shown that the arbitration clause he seeks to invoke has been triggered. *In re Pisces Foods, L.L.C.*, 228 S.W.3d 349, 354 (Tex. App.—Austin 2007, orig. proceeding) (because "Relator has failed to comply with the terms of its contract . . . setting up preconditions for arbitration . . . the arbitration clause has not been triggered").

We note that even when the agreement requires the parties to mediate before arbitration, some courts—including this court and the Second Court of Appeals, which transferred this case[4]—have held that a party who proceeds first to litigation waives the right to mediation and cannot assert the mediation provision as a condition precedent to arbitration. *See Rodriguez v. Tex. Leaguer Brewing Co. L.L.C.*, 586 S.W.3d 423, 430 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (compelling party to arbitration, even though condition precedent of mediation had not been fulfilled, because party filed suit without first seeking mediation pursuant

---

[4] The Supreme Court of Texas ordered the Second Court of Appeals to transfer this case to our court. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between the precedent of the transferring court and that of this court. *See* Tex. R. App. P. 41.3.

6

to the agreement); *Nw. Constr. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 852 (Tex. App.—Fort Worth 2008, pet. denied) (same).  Here, the Haakes did not file suit first; appellants did.  Thus, the Haakes did not waive the right to insist on compliance with the mediation provision as a condition precedent to arbitration.  Accordingly, *Rodriguez* and *Northwest Construction* do not compel a contrary disposition.

For these reasons, we overrule Nordling's first issue and do not reach his second issue as moot.

## Conclusion

The trial court did not abuse its discretion in denying the motion to compel arbitration because Nordling failed to establish that the claims sought to be arbitrated fell within the scope of the arbitration agreement.  We affirm the trial court's order as to Nordling.


/s/     Kevin Jewell
Justice


Panel consists of Justices Jewell, Spain, and Wilson.