**PONCE ROOFING, INC.,**
**et al, Plaintiffs,**

v.

**ROUMEL CORPORATION,**
**etc., Defendant.**

**CIVIL NO. 00–2618 (JAG).**

United States District Court,
D. Puerto Rico.

Feb. 28, 2002.

Jose A. Ramirez–Zambrana, Pounce, PR, for Plaintiffs.

Francisco A. Besosa, Adsuar, Muniz, Goyco & Besosa, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA GREGORY, District Judge.

On November 27, 2000, Ponce Roofing, Inc. ("Ponce") filed a complaint in Puerto Rico Superior Court, alleging that defendant Roumel Corporation ("Roumel") had breached a contract between the parties. On December 27, 2000, Roumel removed the case to this Court (Docket No. 1), and thereafter filed a motion requesting dismissal and an order directing the parties to submit to mediation and arbitration. (Docket No. 8.) Upon review of the record, the Court finds that Roumel properly removed the case. Moreover, the Court grants Roumel's motion to dismiss and orders the parties to submit to mediation and arbitration, pursuant to the terms of their agreement.

## FACTUAL BACKGROUND

On November 27, 2000, Ponce sued Roumel in Humacao Superior Court, alleg-

ing that Ponce and Roumel had signed a contract on December 3, 1999,[1] by which Roumel would subcontract Ponce's services to conduct various jobs in the Beach Village condominium located at the Palmas del Mar residential complex. (Docket No. 6 at ¶ 3.) Ponce claims that Roumel breached the agreement and unjustifiedly refused to pay Ponce for work it had performed. (Id. at ¶¶ 9–16.)

Roumel removed the action on December 27, 2000. (Docket No. 1.) Ponce filed a motion opposing removal, arguing that Roumel was a corporation authorized to do business in Puerto Rico, thereby precluding the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket No. 10 at 1–2.) Additionally, Ponce argued that the Complaint failed to specify the parties' citizenship, and asked the Court to rule that the failure to do so prevented removal. (*Id.* at 2.)

On January 24, 2001, Roumel filed a motion to dismiss the case, pursuant to the terms of the agreement signed by the parties. Specifically, Roumel alleged that Articles 6.1 and 6.2 of the agreement required the parties to submit to mediation, and, if necessary, arbitration, to resolve any disputes arising out the agreement and not expressly waived elsewhere in the contract. (Docket No. 8 at 1–2.) Ponce did not file an opposition.

## DISCUSSION

### A. *Removal*

The federal removal statute states that "any civil action of which the district courts have original jurisdiction ... shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought." 28 U.S.C.

---

1. The agreement is dated November 30, 1999.

(Docket No. 8, Exhibit A at 1.)

§ 1441(b). For purposes of this section, a corporation is deemed to be a citizen of (1) any state where it has been incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). *See, e.g., Salzano–Pascuzzi v. Lucas Insertco Pharmaceutical Printing Co.*, 135 F.Supp.2d 277, 279–80 (D.P.R.2001). Therefore, the Court must determine whether Roumel is incorporated or has its principal place of business in Puerto Rico. If not, then removal was proper.

■ The first question is easily answered: Roumel is not incorporated in Puerto Rico.[2] Next, the Court must determine Roumel's principal place of business. The First Circuit has adopted three tests to determine a corporation's principal place of business: (1) the "nerve center test," which looks to the location from which the corporation's activities are controlled and directed; (2) the "center of corporate activity test," which looks to the location where the company's day-to-day management takes place; and (3) the "locus of operations test," which looks to the location of the corporation's actual physical operations. *See Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 61 (1st Cir. 1993); *Topp v. CompAir Inc.*, 814 F.2d 830 (1st Cir.1987).

Regardless of the test the Court employs, the same conclusion follows: Roumel's principal place of business is Michigan, and not Puerto Rico. Roumel's main corporate offices, from which it exercises general supervision and control and conducts the day-to-day management, are located in Detroit, Michigan. (Docket No. 13, Exhibit A at ¶ 4). Ponce has not offered any evidence to rebut Roumel's assertions.

Ponce contends that since the Complaint did not specify the parties' citizenship, the Court should not allow Roumel to remove this action. A review of the Complaint, however, reveals that Ponce specifically alleged that Roumel is a foreign corporation. (Docket No. 6, Certified Translation of Complaint, at ¶ 2.) The Complaint merely alleges that Roumel is a corporation duly authorized to do business in Puerto Rico, and lists a Humacao, Puerto Rico address for Roumel's representative in Puerto Rico. (*Id.*) In the absence of any evidence suggesting otherwise, the Court concludes that there is diversity of citizenship between the parties and that Roumel properly removed the case to federal court.

**B.   *Roumel's Motion To Dismiss***

On January 24, 2001, Roumel filed an unopposed motion to dismiss asking the Court to order Ponce to submit to mediation and arbitration pursuant to the terms of their contract's arbitration clause, as well as the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (Docket No. 8 at 1–5.) Roumel also relies on long-standing precedent requiring federal courts to enforce valid arbitration agreements. *See, e.g., Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).

This Court has articulated a three-pronged test to determine whether a particular dispute is subject to arbitration under the FAA. *See Medika Int'l, Inc. v. Scanlan Int'l, Inc.*, 830 F.Supp. 81, 84 (D.P.R.1993); *DJ Mfg. Corp. v. Tex–Shield, Inc., et al.*, 998 F.Supp. 140, 144 (D.P.R.1998). First, the Court must look at the contract "to determine if it contains an arbitration clause." *Medika*, 830 F.Supp. at 84. Second, the Court must determine "whether the dispute arising under the contract falls within the scope of the arbitration clause." *Id.* Finally, "the

---

**2.**   Roumel appears to be incorporated in Michigan and Delaware. (Docket Nos. 10, 13.)

Court must direct the parties to proceed to arbitration on the issue as to which the arbitration agreement was signed unless a ground for revocation of the contractual agreement exists." *Id.*

■ Article 6 of the parties' contract fulfills the test's first prong. Section 6.1.1 states: "[a]ny claims arising out of or related to this Subcontract, except claims as otherwise provided in Subparagraph 4.1.5 and except those waived in this Subcontract, shall be subject to mediation **as a condition precedent** to arbitration or **the institution of legal or equitable proceedings by either party.**" (Docket No. 8, Exhibit A at 6)(emphasis supplied). Moreover, § 6.2.1 states" [a]**ny claim arising out of or related to this Subcontract,** except as otherwise provided in Subparagraph 4.1.5 and except those waived in this Subcontract, shall be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Paragraph 6.1." (Emphasis supplied.) There can be little doubt that the contract contains an arbitration clause.

■ The second part of the test calls on the Court to determine whether the parties' dispute falls within the scope of the arbitration clause. A review of the Complaint shows that all of Ponce's claims stem from Roumel's alleged breach of the contract's terms. (Docket No. 6 at ¶¶ 9–16.) Ponce's claims arise out of the contract, and are not encompassed by any of the exceptions or waivers identified in § 6.2.1. In any event, Ponce has not alleged otherwise. "[C]ontracting parties control their own fate when it comes to deciding which disputes to consign to arbitration." *Sweet Dreams Unlimited, Inc. v. Dial–A–Mattress, Int'l Ltd.,* 1 F.3d 639, 643 (7th Cir.1993). The Court finds that the parties' dispute falls within the scope of the arbitration clause.

The Court need not dwell on the third prong of the test. Ponce has not advanced any reason that would give the Court pause in enforcing the arbitration agreement. To the contrary, Ponce's claims presuppose that the parties entered into a valid agreement. Accordingly, the Court concludes that the parties should proceed to mediation, and, if necessary, arbitration, as they agreed to do when they signed the contract.

■ The only remaining issue for the Court is to determine whether the case should be stayed or dismissed. Section 3 of the FAA requires the Court to stay the proceedings "until such arbitration has been had in accordance with the terms of the agreement," 9 U.S.C. § 3. The Court may dismiss the case, however, "when all of the issues before the court are arbitrable." *Bercovitch v. Baldwin School, Inc.,* 133 F.3d 141, 156 n. 21 (1st Cir.1998); *Sea–Land Serv., Inc. v. Sea–Land of Puerto Rico, Inc.,* 636 F.Supp. 750, 757 (D.P.R. 1986). Roumel argues that the Court should dismiss the case because Ponce's claim is completely encompassed by the arbitration clause. The Court agrees, and dismisses the action.

## CONCLUSION

In light of the foregoing, the Court grants Roumel's motion to dismiss, and orders the parties to submit their dispute to mediation, and if necessary, arbitration. Judgment shall be entered accordingly. IT IS SO ORDERED.